FERRONE LAW GROUP
Michael A. McGill, SBN 231613
mmcgill@ferronelawgroup.com
Sydney R. Romaine, SBN 363945
sromaine@ferronelawgroup.com
4333 Park Terrace Drive, Suite 200
Westlake Village, CA 91361
Telephone: (805) 373-5900
Facsimile: (818) 874-1382

*Attorneys for Plaintiffs*

ALESHIRE & WYNDER, LLP
NORMAN A. DUPONT, State Bar No. 85008
*ndupont@awattorneys.com*
CODY S. PARKER, State Bar No. 359372
*cparker@awattorneys.com*
COLIN P. RYAN, State Bar No. 365920
*cryan@awattorneys.com*
3701 Wilshire Boulevard, Suite 725
Los Angeles, CA 90010
Telephone: (310) 527-6660
Facsimile: (949) 223-1180

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA – WESTERN DIVISION**

TRAVIS SWITZER and MATTHEW CHIRCOP,

Plaintiffs,

v.

CITY OF SANTA MARIA; BRADLEY DANDRIDGE, individually and as Fire Chief of the City of Santa Maria; and DOES 1–10,

Defendants.

CASE NO.: 2:25-cv-010716-ODW-AJR

**RULE 26(f) JOINT REPORT**

Scheduling Conference: Sept. 1, 2026
Original Complaint Filed: November 7, 2025
Responsive Pleading: July 20, 2026

Proposed Trial: TBD

01157.0023 2184790.1

Pursuant to Rule 26(f) of the Federal Rule of Civil Procedure, Plaintiffs Travis Switzer and Matthew Chircop and Defendants the City of Santa Maria and Fire Chief Bradley Dandridge (collectively "the Parties") submit the following Joint Report.

**1. <u>Statement of the Case</u>**

Plaintiffs Travis Switzer and Matthew Chircop bring this civil rights action alleging that the City of Santa Maria and Fire Chief Bradley Dandridge deprived them of their First Amendment rights by retaliating against them for engaging in protected speech and activities related to firefighter staffing, wages, working conditions, and public safety. Plaintiffs contend that because of their support for and involvement with Santa Maria Fire Fighters Local 2020, Mr. Switzer was terminated from his probationary firefighter position, and separately, that Mr. Chircop was suspended without pay. Plaintiff Chircop has now alleged that he was also denied a promotion to Battalion Chief, allegedly based on retaliatory motives.

Plaintiffs initiated this action on November 7, 2025, asserting claims under 42 U.S.C. Section 1983 and California labor statutes. After Plaintiffs filed a First Amended Complaint, Defendants moved to dismiss the pleading and strike certain allegations. On June 17, 2026, the Court granted the motion in part and denied it in part, holding that Plaintiffs had plausibly alleged a First Amendment retaliation claim based on their union advocacy activities, while dismissing the municipal liability allegations against the City and state-law claims with leave to amend. Plaintiffs thereafter filed the operative Second Amended Complaint on July 6, 2026.

Defendants deny Plaintiffs' allegations and contend that all employment decisions were lawful and supported by legitimate, non-retaliatory reasons. Defendants further contend that the June 2024 presentation identified in the pleadings was not protected First Amendment activity because Mr. Chircop

spoke in his official capacity and Mr. Switzer did not speak at all. Defendants also deny that the City maintained any policy, custom, or practice of retaliating against employees for protected speech or union activity and deny that Plaintiffs are entitled to any relief.

Defendants note that certain of Plaintiffs' claims are the subject of a separate administrative hearing before the Public Employment Relations Board at the end of October 2026.

**2. Subject Matter Jurisdiction**

This Court has subject matter jurisdiction under 28 U.S.C. § 1331 over Plaintiffs' 42 U.S.C. § 1983 claims. The Court has jurisdiction to issue declaratory and injunctive relief under 28 U.S.C. § 1343. Defendants do not dispute the Court's subject matter jurisdiction but deny that Plaintiffs are entitled to any relief, including injunctive relief.

**3. Legal Issues**

a) Did Plaintiffs, as public employees, engage in protected speech by the First Amendment through their union advocacy and speaking events?

b) Did Defendants subject either of the Plaintiffs to adverse employment actions, including Mr. Switzer's termination, Mr. Chircop's suspension, and Mr. Chircop's non-selection for promotion to Battalion Chief?

c) Were Plaintiffs' speech or union-related activities a substantial or motivating factor in the challenged employment actions?

d) Would Defendants would have taken the same employment actions regardless of any protected speech or activity?

e) Did Chief Dandridge violated either of the Plaintiffs' rights under the First Amendment and 42 U.S.C. § 1983 by allegedly retaliating against Plaintiffs for engaging in protected speech or association?

f) Can the City of Santa Maria may be held liable under *Monell* based on an alleged policy, custom, practice, ratification, or action of a final policymaker?

g) Did Chief Dandridge possess final policymaking authority with respect to the challenged employment decisions?

h) Can either Plaintiff establish entitlement to compensatory damages, economic damages, emotional distress damages, attorneys' fees, costs, and other relief sought in this action?

i) Can either Plaintiff establish entitlement to injunctive relief and, if so, the nature and scope of any such relief?

j) Does Plaintiff Switzer have standing to sue for injunctive relief given his termination from the Fire Department over two years ago?

k) Did Chief Dandridge engage in protected speech with respect to his comments about the Union and activities of some of its members?

**4. Parties, Evidence, etc.**

The Plaintiffs in this action are Travis Switzer and Matthew Chircop. The Defendants are the City of Santa Maria and Fire Chief Bradley Dandridge.

Plaintiffs' Statement:

The Parties have not yet exchanged initial disclosures, and not all of the identities of percipient witnesses are known. Based on Plaintiffs' investigation to date, in addition to Defendants' percipient witnesses identified below, percipient witnesses may include the following:

a) Individuals with knowledge of the Public Education Presentation alleged in the SAC;

b) Such additional witnesses as may be identified through discovery.

Furthermore, based on Plaintiffs' investigation to date, and in addition to the documents listed below by Defendants, key documents may include the following:

a) All written documentation, communications, and other correspondence relating to Plaintiffs' discipline in the SAC;

b) All documentation, communication, and other evidence relevant to the relationship between Local 2020 and the City of Santa Maria;

c) Other additional documentation or ESI material that may be identified during discovery.

Defendants' Statement:

Defendants anticipate that, in addition to the percipient witnesses identified by Plaintiffs, Defendants may call the following witnesses:

a) Current and former City employees with knowledge of Plaintiffs' job performance, disciplinary history, promotional processes, and the employment decisions at issue, including but not limited to Travis Switzer, Matthew Chircop, and Chief Dandridge;

b) Personnel involved in investigating, reviewing, approving, or implementing employment actions affecting Plaintiffs;

c) Representatives of the City Manager's Office, Human Resources Department, and Fire Department with knowledge relevant to the claims and defenses asserted in this action;

d) Present and former members or representatives of Local 2020 with knowledge of the events alleged in the SAC;

e) Expert witnesses, including employment-practices, economic damages, and/or emotional-distress experts, as appropriate; and

f) Such additional witnesses as may be identified through discovery.

Defendants further anticipate that the following categories of documentary and/or electronically stored information ("ESI") will be pertinent to this case:

a) Plaintiffs' personnel, payroll, disciplinary, and promotional records;
b) Records relating to Mr. Switzer's separation from employment and Mr. Chircop's suspension;
c) Records relating to Mr. Chircop's application for promotion to Battalion Chief;
d) City policies, procedures, administrative memoranda, personnel rules, and collective bargaining agreements relevant to the allegations and defenses in this action;
e) Communications among City employees, officials, and representatives regarding Plaintiffs and Local 2020;
f) Documents and ESI relating to Plaintiffs' alleged damages, mitigation efforts, and requests for equitable relief;
g) Documents concerning any administrative proceedings, grievances, claims, or labor-related proceedings involving Plaintiffs; and
h) Such additional documentary or ESI materials as may be identified through discovery.

**5. <u>Damages</u>**

Mr. Switzer alleges that, as a result of the alleged violations of his constitutional rights, he has suffered lost wages and benefits, loss of future earnings and employment opportunities, emotional distress, and other general and special damages. Mr. Chircop similarly alleges that he has suffered economic and non-economic damages arising from his suspension and non-selection for promotion. Plaintiffs therefore seek compensatory, general, special, and punitive damages, attorneys' fees, costs of suit, prejudgment interest, injunctive relief, and such other relief as the Court deems proper.

Defendants previously moved to strike Plaintiffs' punitive-damages allegations. The Court denied that motion to the extent Plaintiffs seek punitive damages against Defendant Dandridge in his individual capacity. Punitive damages are not recoverable against the City of Santa Maria. Defendants deny that Plaintiffs are entitled to punitive damages or any other relief sought in the operative complaint. Defendants further deny that any actions taken by the City of Santa Maria or Chief Dandridge violated Plaintiffs' rights or caused Plaintiffs to sustain any recoverable damages.

**6. Insurance**

Insurance is not applicable with respect to Plaintiffs. The City of Santa Maria is self-insured, with additional excess insurance provided by PRISM.

**7. Motions**

Defendants anticipate filing one or more motions for summary judgment directed to some or all of Plaintiffs' claims, including Plaintiffs' claims for municipal liability, damages, and injunctive relief.

Defendants anticipate filing a motion to bifurcate the trial to segregate evidence as to Plaintiff Switzer, a probationary employee with no full-time status and no apparent speaking events from Plaintiff Chircop, a full-time employee of the Fire Department with distinctly different monetary and non-monetary claims.

Defendants may also file motions concerning discovery disputes, evidentiary issues, expert testimony, and other matters that arise during the course of discovery and pretrial proceedings. Defendants will oppose any request to further amend the operative complaint, add parties, or add new claims absent a showing of good cause. Defendants also anticipate filing motions in limine and other pretrial motions as appropriate

**8. Manual for Complex Litigation**

The Parties agree that there is no need to use the Manual for Complex

Litigation in this matter.

**9. <u>Status of Discovery</u>**

No discovery has been served as of date.

**10. <u>Discovery Plan</u>**

The Parties shall exchange Rule 26(a)(1) initial disclosures within 20 days after the Rule 26(f) conference to allow time to accommodate the Labor Day holiday and as agreed to by the Parties.

The Parties have conferred about document preservation and ESI, including the potential volume of ESI that will be involved and format for production of ESI. The Parties have agreed to work cooperatively to produce documents as individual (not combined) Portable Document Format (PDF) documents and to produce ESI documents in their native format as well as in PDF format. The Parties will meet-and-confer about production of documents in TIFF or other formats, if any party believes that production of documents in such format has become appropriate, and will meet-and-confer about search terms regarding ESI data.

Plaintiffs will propound written discovery and conduct depositions, with a focus on First Amendment claims and elements. For written discovery, Plaintiffs do not anticipate propounding more than twenty-five (25) interrogatories on the City or Chief Dandridge. Plaintiffs do not propose a presumptive limit on the number of requests for production or requests for admission. Plaintiffs reserve the right to seek leave to conduct more than ten depositions if appropriate upon determination of the names and roles of such individuals.

Defendants will propound written discovery and conduct depositions. Defendants are currently unaware of the potential number of deponents who might be percipient witnesses concerning the alleged harm suffered by either individual Plaintiff. Defendants reserve the right to seek leave to conduct

more than ten depositions if appropriate upon determination of the names and roles of such individuals.

**11. Discovery Cut-Off**

The Parties propose June 30, 2027 as the cut-off for fact discovery.

**12. Expert Discovery**

The Parties propose the following schedule for expert discovery:

Initial disclosure by July 30, 2027;

Rebuttal disclosure by August 27, 2027; and

Expert discovery cut-off by September 17, 2027.

**13. Dispositive Motions**

The Parties agree that upon receipt of a Motion for Summary Judgment, there shall be at least fourteen (14) calendar days to prepare an opposition. The Parties propose the following schedule for dispositive motions:

Motion by July 23, 2027;

Opposition to the motion by August 20, 2027;

Reply to the opposition to the motion by September 3, 2027; and

Hearing on the motion on September 17, 2027.

**14. Settlement/Alternative Dispute Resolution (ADR)**

The Parties have not discussed settlement as of the date of this report. Defendants are willing to discuss settlement of the issues in this case with Plaintiffs. The Parties are amenable to a settlement conference with an assigned magistrate judge. The Parties request that this Court issue an order referring the settlement conference to the magistrate judge.

**15. Trial Estimate**

Plaintiffs preliminarily estimate that trial will take approximately seven to ten court days. Plaintiffs preliminarily estimate that they will call ten to fifteen witnesses.

Defendants preliminarily estimate that the trial will take approximately

seven to ten court days. Defendants preliminarily estimate that they will call at least ten percipient witnesses and possibly two expert witnesses: one commenting on the claims for economic damages, including alleged lost wages, benefits, and future earnings asserted by each Plaintiff and one dealing with claims of emotional distress and other non-economic damages asserted by each Plaintiff.

Given that this is set (at Plaintiffs' request) as a jury trial against the City and Chief Dandridge, Defendant anticipates that this will take seven to ten trial days, inclusive of jury selection, opening and closing arguments. Trial will be by jury. The Parties propose a trial date of November 1, 2027.

Plaintiffs' lead trial counsel is Sydney R. Romaine. Michael A. McGill will also participate in the trial.

Defendants' lead trial counsel is Norman A. Dupont. Cody S. Parker and Colin P. Ryan will also participate in trial.

This is not a case where the court should consider appointing a master or independent scientific expert.

**16. <u>Magistrate Judge</u>**

There is no unanimous consent to a magistrate judge to try the case in lieu of this District Court.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

Dated: August 21, 2026

Respectfully submitted,
Ferrone Law Group

/s/ Sydney R. Romaine
Attorney for Plaintiffs

Dated: August 21, 2026

Respectfully submitted,
Aleshire & Wynder LLP

/s/ Colin P. Ryan
Attorney for Defendant

**Local Rule 5-4.3.4 Attestation**

I hereby attest that all signatories listed, and on whose behalf the filing is submitted, concur in the filing's content and have authorized the filing.

DATED: August 21, 2026 ALESHIRE & WYNDER LLP

/s/ Colin P. Ryan
Colin P. Ryan